THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00336-MR

| | |
|---|---|
| **RIKA O. JOHNSON, Individually and as Executrix of the Estate of JACKIE LEE JOHNSON, Deceased,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| vs. ) ) | **O R D E R** |
| **ABLEST, INC., et al.,** ) ) | |
| **Defendants.** ) ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment. [Doc. 65].

The Plaintiff moves for a default judgment against the Defendant Toledo Engineering Co., Inc. ("Toledo Engineering"). [Doc. 65]. Before a default judgment can be entered against this Defendant, the Plaintiff must first seek the entry of default pursuant to Federal Rule of Civil Procedure 55(a). While the Plaintiff asserts in her motion that a default has been entered [see Doc. 65 at 3], no such entry is reflected on the docket.

Accordingly, the Plaintiff's Motion for Default Judgment must be denied as premature.[1]

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Default Judgment [Doc. 65] is **DENIED WITHOUT PREJUDICE** as premature.

**IT IS SO ORDERED.**

Signed: April 19, 2021

Martin Reidinger
Chief United States District Judge

---

[1] Even if an entry of default had been made against this Defendant, a motion for default judgment would still be premature at this time. This is a multi-defendant action in which the Plaintiff is alleging that the deceased was occupationally exposed to a number of asbestos-containing products and/or equipment. It is well-established that "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2690 (4th ed.). This rule is equally applicable beyond the context of joint and several liability to "situations in which several defendants have closely related defenses." Id.; see also United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 944-45 (4th Cir.1967). Thus, any motion for default judgment against Toledo Engineering should be filed upon the conclusion of the litigation against the other remaining defendants.