# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:20-cv-00336-MR-WCM

| | |
|---|---|
| RIKA O. JOHNSON, Individually and as Executrix of the Estate of Jackie Lee Johnson, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>ABLEST, INC., as successor-by-merger to C.H. HEIST CORP. as successor-in-interest to PIPE & BOILER INSULATION, INC., et al.,<br><br>Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Motion for Summary Judgment filed by Warren Pumps, LLC ("Warren" or "the Defendant") [Doc. 103]. The Plaintiffs have not filed any opposition to the Defendant's Motion.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of demonstrating that no genuine dispute of material fact exists for trial. Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir.

2013); Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003).  If this showing is made, the burden then shifts to the non-moving party to convince the Court that a triable issue does exist.  Dash, 731 F.3d at 311.  In considering the facts for the purposes of a summary judgment motion, the Court must view the pleadings and materials presented in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor.  Adams v. Trustees of the Univ. of N.C.-Wilmington, 640 F.3d 550, 556 (4th Cir. 2011).  Where the non-moving party fails to respond, however, the Court may consider the forecast of evidence presented by the movant to be undisputed for the purposes of the summary judgment motion.  See Fed. R. Civ. P. 56(e)(2).

In order to survive summary judgment under North Carolina law, a plaintiff in a personal injury asbestos case must present a forecast of evidence showing actual exposure to the alleged offending products.  Wilder v. Amatex Corp., 314 N.C. 550, 553-54, 336 S.E.2d 66, 68 (1985).  Consistent with this standard, the Fourth Circuit has held that a plaintiff must "prove more than a casual or minimum contact with the product containing asbestos in order to hold [the defendant] liable."  Jones v. Owens-Corning Fiberglas Corp., 69 F.3d 712, 716 (4th Cir. 1995) (citation and internal quotation marks omitted).  To support a reasonable inference of substantial

causation based on circumstantial evidence, the plaintiff must present "evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162-63 (4th Cir. 1986).

Here, the Defendant has demonstrated that the Plaintiffs lack a forecast of evidence that the decedent actually worked with or around any Warren product. The sole fact witness put forward by the Plaintiffs for deposition in this matter was Barry Major, a co-worker of the decedent at United Merchants and Manufacturers Inc., a/k/a Uniglass. [Doc. 104-1: Major Dep. at 7]. Mr. Major testified regarding the construction and operation of several large furnaces at the Uniglass facility. He testified that the decedent tended to the furnaces, which involved monitoring the operation of the furnaces. [Id. at 9]. Mr. Major did not discuss any pumps used at the facility, much less identify any pump brand or manufacturer such as Warren. Mr. Major's testimony is in accord with the Defendant's own evidence, which shows no records of any shipments to the Uniglass facility or any other of the decedent's worksites. As such, there is no evidence of the decedent's exposure to an asbestos-containing product of the Defendant sufficient to establish causation under Lohrmann. As the Plaintiffs are unable to present

3

evidence of causation sufficient to raise a genuine issue of material fact, the Court concludes that summary judgment in favor of the Defendant is appropriate.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant Warren Pumps, LLC's Motion for Summary Judgment [Doc. 103] is **GRANTED**, and all of the Plaintiff's claims against Defendant Warren Pumps, LLC are hereby **DISMISSED WITH PREJUDICE**.

A Judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**

Signed: July 29, 2022

Martin Reidinger
Chief United States District Judge